IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**FREDIS CRUZ BONILLA**<br>Defendant. | Criminal No. 23-23 (ADC) |

**REPORT AND RECOMMENDATION**

I. **Introduction**

On January 19, 2023, Fredis Cruz-Bonilla was charged with violations of 18 U.S.C. §§ 2422(b)(2), 2252A(a)(5)(B), 2252A(a)(2), and 1470. Docket No. 3. Defendant filed a motion to suppress evidence obtained from the marital communications between him and his wife. Docket No. 45. The Government opposed. Docket No. 47. An evidentiary hearing was held on May 14, 2024. See Docket No. 70. Defendant testified. The Government called Task Force Officer of Homeland Security Investigations ("HSI") Yadira Miranda Cabrera ("Agent Miranda"). Documentary evidence was admitted. After carefully considering the evidence and arguments, the undersigned recommends that Defendant's motion to suppress be **DENIED**.

I. **Factual Background**

The following account is drawn from the credible evidence received at the evidentiary hearing.

Defendant has been married to Zaree Ann Rosario López ("Rosario López") since July 6, 2006. Transcript of Hearing on May 14, 2024, at Docket No. 70 ("Tr.") 9: 11-16; Defendant Exhibit A at Docket No. 59-1. During his marriage to Rosario López, Defendant owned and used

an iPhone 11 cellular phone.[1] Tr. 9: 17-18. His assigned phone number was 787-469-2637. Tr. 11: 8-9. Defendant did not share his password to the cellular phone with anyone. Tr. 12: 24; 13: 1.

Rosario López contacted the Child Exploitation Group of HSI. Tr. 19: 1-8. The case was assigned to Agent Miranda. Tr. 19: 6-12. Agent Miranda met with Rosario López on May 12, 2023. Tr. 19: 19-25. Rosario López brought a cellphone. Tr. 20: 1-16. During her discussions with Agent Miranda, Rosario López expressed that she had access to the cellphone, had found sexually explicit conversations between Defendant and a minor, and informed Agent Miranda about the contents of those conversations on her husband's Facebook messenger account. Tr. 21: 1-23; Tr. 24: 4-6. During her meeting with Rosario López, Agent Miranda did not have Defendant's cellphone in her hands ("No, we never touched the phone.")— she was being shown the messages in Defendant's Facebook messenger account by Rosario López. Tr. 22: 7-11; 23: 4-12; 30: 10-16; 37: 18-25. Between May 12, 2023, and June 3, 2023, Defendant's cellphone was under the custody of the forensics laboratory of HSI. Tr. 24: 19-23; 25: 8-12; see also Government Exhibits 1 and 2.

Agent Miranda used Rosario López's summary of the messages in Defendant's cellphone and her allegations that her husband had exchanged sexually explicit messages with a minor to draft the affidavit submitted in support of a search warrant for Defendant's cellphone. Tr. 21: 4-25; 22: 1-11; 24: 1-8; 28: 17-23; 30: 1-16; Defendant Exhibit C. The search warrant for Defendant's phone was issued on June 3, 2023. Defendant Exhibit B. HSI started to search Defendant's phone on June 3, 2023, after receipt of the search warrant. Tr. 27: 19-21

## II.   Discussion

The marital communications privilege allows a defendant to prevent the use of confidential communications made to a spouse during a marriage. United States v. Breton, 740 F.3d 1, 10 (1st Cir. 2014) (citations omitted); P.E. Rothstein and S.A. Beckman, Federal Testimonial Privileges at § 4.10 (ed. 2021-2022). The privilege may be asserted in criminal cases. Id. at § 4.12. For the privilege to apply, the following must exist: (1) a valid marriage, (2) oral or written communications, (3) that the communications were made in confidence during the marriage. United States v. Byrd, 750 F.2d 585, 590, 592 (7th Cir. 1985) (citations omitted); United States v. Porter, 986 F.2d 1014, 1018 (6th Cir. 1993). Even though communications between spouses are

---

[1] Rosario López appears as the account holder for Defendant's cellular phone. See Docket No. 47 at p. 3 n.3.

presumed confidential, the marital communications privilege is to be narrowly construed. Blau v. United States, 340 U.S. 332, 333 (1951); Byrd, 750 F.2d at 589, 592 (citations omitted); Breton, 740 F.3d at 11 (citations omitted).

Defendant seeks suppression of all evidence purportedly obtained after accessing his cellphone using the password shared with his wife, Rosario López, during their marriage. Docket No. 45. As alleged by Defendant, because the information included in the affidavit submitted in support of the search warrant that allowed HSI to search his phone (see Docket No. 47-1) was obtained by gaining access to his password through his wife, there was no probable cause for the search warrant and all evidence seized from his phone should be suppressed. Id. But the evidence received during the hearing undoubtedly defeats Defendant's argument. Defendant testified **in no uncertain terms** that he did not share his password to the phone with anyone. Tr. 12: 25; 13:1. Agent Miranda testified that, during her interview with Rosario López, it was Rosario López who always handled the phone and who showed her the messages between Defendant and the minor. And that she drafted the affidavit submitted in support of the search warrant based on Rosario López's allegations and observations, including her account of what was contained in the phone. To be sure, the testimony elicited during the hearing corroborated that Agent Miranda did not use the password to access Defendant's phone, that the information used to draft the affidavit submitted in support of the search warrant came from Rosario López's account of what she observed in her husband's phone, and that Agent Miranda did not search Defendant's phone until after she obtained the search warrant. Tr. 30: 1-16.

As discussed above, the existence of a communication is a prerequisite for the marital communications privilege to apply. Even though privileged communications may be oral or written, these require utterances, expressions, acts, or gestures used to convey a message between spouses during their marriage. González-Tomasini v. United States Postal Serv., 2022 WL 2816714, at *3–4 (D.P.R. July 19, 2022) (string citations and quotations omitted); United States v. Underwood, 859 F.3d 386, 390 (6th Cir. 2017). Given that Defendant failed to establish that he "communicated" his password to Rosario López and that law enforcement used that "communication" to access his phone and obtain the search warrant, there is no question that

Defendant's motion to suppress fails.[2] See e.g., González-Tomasini, 2022 WL 2816714, at *4 (spouse's observations of other spouse's conduct or acts during marriage are not privileged) (discussing Espino, 317 F.3d 788, 795 (8th Cir. 2003) (court permitted defendant's spouse to testify "on her observations of [the defendant's] conduct and actions involving his drug trade before and during the course of their marriage") and United States v. Lofton, 957 F.2d 476, 477 (7th Cir. 1992) ("[A]cts observed by Lofton's wife are not privileged, any testimony regarding her observation of his use of cocaine or her knowledge whether the package at issue was for him was properly admitted.")).

On a final note, the undersigned acknowledges that, rather than filing a post-hearing brief, Defendant filed what he titled a "supplemental motion" to suppress at Docket No. 69. Defendant now seeks to, "in addition to those issues raised previously in his motion to suppress, regarding the use of privileged communication to gain access to Mr. Cruz-Bonilla's cellular phone," question the legality of the search warrant as being overbroad and running afoul of the particularity requirement. Docket No. 69 at p. 3. Specially, Defendant questions the propriety of Attachment B to the search warrant. This is a new and unrelated ground for suppression which was not raised in Defendant's original request at Docket No. 45 or at any time during the hearing. See Docket No. 69 at pp. 3-7.[3] This new ground for suppression is not something that could not have been raised beforehand. Defendant has had access to the search warrant at the very least since the Government filed its opposition at Docket No. 47. Considering this argument now, without allowing the Government to respond, would be contrary to the principles of judicial economy and fairness. Defendant cannot be allowed to flagrantly disregard clear procedural rules "and to profit from his disregard." See e.g., United States v. Santana Cabrera, 2010 WL 11695094, at *4 (D.P.R. Aug. 16, 2010) (district court adopted report of the magistrate judge that did not consider a defendant's theory for suppression brought untimely and previously adjudicated by the court).

---

[2] Defendant concedes that what his wife reported to have seen in the Facebook messenger application was sufficient to establish probable cause to search the phone's Facebook messenger communication between Defendant and the minor. Docket No. 69 at p. 6.

[3] Compare relief requested at Docket No. 45 at p. 3 (exclusion of Rosario López testimony regarding any communications she had with Defendant during the marriage and evidence obtained directly or indirectly by law enforcement from Rosario López and relied upon by the judge in the approval of the warrant) with relief request at Docket No. 69 at p. 7 (suppressing all evidence, communications, and data that law enforcement unlawfully seized).

**United States v. Cruz-Bonilla**
**Criminal No. 23-23 (ADC)**
**Report and Recommendation**

### III.    Conclusion

For the reasons discussed above, Defendant's motion to suppress at Docket No. 45 should be **DENIED.**

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge and of appellate review. Thomas v. Arn, 474 U.S. 140, 154-155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

In San Juan, Puerto Rico, this 26th day of August 2024.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge